JERRY WAYNE DURHAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Durham
Docket No. 1174-92
United States Tax Court
T.C. Memo 1993-21; 1993 Tax Ct. Memo LEXIS 23; 65 T.C.M. (CCH) 1769; January 19, 1993, Filed *23 Decision will be entered pursuant to the stipulation of the parties and will determine no overpayment for either 1987 or 1988. Jerry Wayne Durham, pro se. For Respondent: Ansley N. Acree. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to the provisions of Section 7443A(b)(3) and Rules 180 and 182. [1]
By notice of deficiency mailed October 23, 1991, respondent determined a deficiency in petitioner's 1987 Federal income tax in the amount of $ 6,809.00, together with an addition to tax under section 6651(a) in the amount of $ 714.50, under section 6653(a)(1)(A) in the amount of $ 340.45, and under section 6653(a)(1)(B) in the amount of 50 percent of the interest on the underpayment. By another notice *24 of deficiency mailed on November 13, 1991, respondent determined a deficiency in petitioner's 1988 Federal income tax in the amount of $ 3,365.00, together with additions to tax under section 6651(a) in the amount of $ 166.50, and under section 6653(a)(1)(A) in the amount of $ 168.25. After concessions, [2] the sole issue remaining is whether petitioner is entitled to a determination of an overpayment of his 1988 income tax, or whether the statutory limitations on the amount of any credit or refund proscribe such determination. *25 All the relevant facts have been stipulated. Petitioner was a resident of Harlingen, Texas, at the time he filed his petition herein. Neither petitioner nor his spouse, Luette K. Durham, filed Federal income tax returns on time for 1987 and 1988. Petitioner and his spouse (who is not a party hereto) filed a joint income tax return for their 1987 year on January 16, 1992. They filed a joint income tax return for their 1988 year on March 4, 1992, on which they claimed a refund of $ 1,001. After the mailing of the two notices of deficiency, petitioner did not pay tax related to either 1987 or 1988. Petitioner did not file a claim for refund pertaining to 1988 prior to the mailing of the notice of deficiency on November 13, 1991, in regard to the 1988 tax. Petitioner filed his petition to this Court on January 14, 1992. Respondent has apparently agreed that petitioner is entitled to a joint filing status with his spouse, as the parties have stipulated to the amount of tax deficiencies and additions to tax for each year on a joint basis. The parties have stipulated as to total gross income and taxable income on a joint basis for each of the years at issue. They have also agreed *26 as to the amounts of overpayment in each year and have left to this Court only the issue as to whether a determination of overpayment in regard to the 1988 year is barred by section 6512(b). Section 6512(b)(1) gives to this Court jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded for the year or years at issue. However, section 6512(b)(3) limits the amount of the allowable credit or refund based on the time of payment of the tax, i.e., the tax must either be paid after mailing of the deficiency notice or paid within certain limitations periods for filing a claim for credit or refund. Accordingly, we turn to the question of limitations. In this regard, section 6512(b)(3) provides that: (3) LIMIT ON AMOUNT OF CREDIT OR REFUND. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not *27 filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency -- (i) which had not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.
No payments were made after the mailing of the notice of deficiency. Sec. 6512(b)(3)(A). Prior to considering the precise time limitations Congress has provided for the allowance of credits and refunds, it is appropriate to consider the date upon which the withheld amounts from petitioner's wages are deemed to have been paid by him. Section 6513(b)(1) provides, in general, that any tax deducted and withheld at the source during any calendar year shall "be deemed to have been paid by him on the 15th day of the fourth month *28 following the close of his taxable year with respect to which such tax is allowable as a credit under section 31." Thus, all of the taxes withheld from petitioner's wages during 1988 are deemed to have been paid by him on April 15, 1989. Thus, any overpayment by petitioner is deemed to have been made as of that date. We turn now to the time limitations Congress has set forth on the allowance of credits and refunds. Before the time of mailing of the deficiency notice for 1988, petitioner did not file an income tax return for 1988 nor any claim for credit or refund of an overpayment of 1988 tax. Consequently, section 6512(b)(3)(B) limits the amount to be credited or refunded to that portion of the tax the Tax Court determines to have been paid within the 2-year period applicable under 6511(b)(2)(B). That section provides that where a return has not been filed, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim. A claim for refund need not actually be filed; section 6512(b)(3)(B) only requires that a timely claim could have been filed seeking an overpayment at the time the deficiency notice *29 was mailed, i.e., "that the overpaid taxes were not yet barred for credit or refund when the notice of deficiency was issued." . In the case at bar, however, unlike Wheeler, recovery of the overpaid tax was barred on the date the notice of deficiency was issued. The 2-year "look-back period" in this case covers only tax paid on or after November 13, 1989. The notice of deficiency for 1988 was mailed on November 13, 1991, to petitioner. Pursuant to the provisions of section 6512(b)(3)(B), petitioner is deemed to have filed a claim for credit or refund on the date the notice of deficiency was mailed. Allen v. Commissioner, 99 T.C.    ,     (1992) (slip op. at 4); ; ; ; . Accordingly, petitioner is entitled to recover only excess withholding deemed to have been paid on or after November 13, *30 1989. Petitioner, however, has made no such payments. His withholding tax credits for 1988 are deemed to have been paid on April 15, 1989. We note that had petitioner chosen to file a timely 1988 return, as he is required by law to do, sections 6001 and 6012, the 3-year limitation of section 6511(b)(2)(A) would have been applicable and petitioner's overpayment claims would have been allowed through April 15, 1992. Petitioner's failure to file his return on time has resulted in his overpayment's being barred by section 6511(b)(2)(B). We note, for the record, that the 1988 return which petitioner filed on March 4, 1992, after the mailing of the deficiency notice and after petitioner's petition to this Court, in no manner changes the result herein. The mailing of the deficiency notice limits the determination of an overpayment to those amounts paid 2 years prior to the mailing of the notice. Decision will be entered pursuant to the stipulation of the parties and will determine no overpayment for either 1987 or 1988. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year at issue in regard to the deficiency and as currently in effect in regard to our jurisdiction to determine any overpayment. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The parties have stipulated as follows: Petitioner is not liable for additions to tax under sec. 6651(a) for either 1987 or 1988. Petitioner is liable under sec. 6653(a)(1)(A) for a $ 284.85 addition to tax for 1987; he is not liable for the addition under sec. 6653(a)(1)(B) for 1987. Petitioner is liable for an addition to tax under sec. 6653(a)(1) for 1988 in the amount of $ 172.85. Petitioner and his spouse overpaid their joint income taxes, including additions to tax, by $ 207 and $ 1,012 in 1987 and 1988, respectively. The parties agree that the 1987 overpayment is barred under sec. 6511(a). Petitioner's joint tax liability and deficiency in income tax for 1987 and 1988 are $ 5,697 and $ 3,457, respectively. Respondent claims an increased deficiency of $ 92.00 and an increased addition to tax under sec. 6653(a)(1) of $ 4.60 for 1988.↩